IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CT-3046-M-RJ

| | | |
|---|---|---|
| JUSTIN HARPER,<br><br>Plaintiff,<br><br>v.<br><br>C/O STRAUGHAN, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing a complaint asserting claims for violations of his civil rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971. The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions to appoint counsel [D.E. 1], for discovery [D.E. 2], and for temporary restraining order ("TRO") [D.E. 15].

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

Under the Bivens doctrine, plaintiff alleges defendant C/O Straughan sexually assaulted him, and the remining defendants failed to protect him from Straughn, delayed plaintiff's submission of a Prison Rape Elimination Act ("PREA") complaint, and allowed Straughn to be in contact with plaintiff. (Compl. [D.E. 7] at 7–13). In Bivens, the Supreme Court recognized an implied cause of action for damages against federal officers where the officers searched a residence and arrested the plaintiff without a warrant or probable cause. 403 U.S. 388, 397 (1971). Since Bivens was decided in 1971, the Supreme Court has authorized a damages remedy against federal officers for constitutional violations in only two additional contexts: (1) a Fifth Amendment equal protection claim alleging gender discrimination in congressional employment, see Davis v. Passman, 442 U.S. 228 (1979); and (2) an Eighth Amendment claim by a federal prisoner alleging prison officials were deliberately indifferent to his serious medical needs by failing to treat his

asthma, see Carlson v. Green, 446 U.S. 14 (1980). See also Earle v. Shreves, 990 F.3d 774, 778 (4th Cir. 2021). The Court, however, "has declined to countenance Bivens actions in any additional context." See Tun-Cos v. Perrotte, 922 F.3d 514, 521 (4th Cir. 2019) (collecting cases). And extending Bivens beyond these three contexts has become a "disfavored" judicial action. See Ziglar v. Abbasi, 582, U.S. 120, 135 (2017). Indeed, "the Supreme Court [has] all but closed the door on Bivens [actions]" that do not correspond to one of the three prior cases. Dyer v. Smith, 56 F.4th 271, 277 (4th Cir. 2022).

Here, plaintiff's claims alleging sexual assault and failure to protect are not proper extensions of the Bivens remedy and must be dismissed. See Bulger v. Hurwitz, 62 F.4th 127, 133, 137–42 (4th Cir. 2023) (holding Bivens remedy not authorized for Eighth Amendment failure to protect or intervene claims); Tate v. Harmon, 54 F.4th 839, 841–42 (4th Cir. 2022) (holding Bivens remedy not authorized for Eighth Amendment conditions of confinement claim); see also Silva v. United States, 45 F.4th 1134, 1141–42 (10th Cir. 2022) (holding Bivens remedy not authorized for claims alleging excessive force); Longworth v. Mansukhani, No. 5:19-CT-3199-FL, 2021 WL 4472902, at *4–7 (E.D.N.C. Sept. 29, 2021) (concluding Bivens remedy not authorized for claims alleging sexual assault claim), appeal dismissed, No. 21-7609 (4th Cir. Apr. 16, 2025).

Similarly, to the extent plaintiff asserts claims for supervisory liability and delayed submission of a PREA complaint, such claims cannot proceed. These claims present new Bivens contexts where they do not correspond to the three recognized contexts set forth above. See Bulger, 62 F.4th at 137. Because such claims involve new contexts, the court next considers whether special factors counsel hesitation in creating a damages remedy. Tate, 54 F.4th at 844–

45. The Fourth Circuit has held that numerous special factors counsel against extending Bivens to new claims involving federal prison officials. See Mays, 70 F.4th at 205–06 (declining to expand Bivens given the availability of the FBOP's administrative remedy program, Congress's decision not to create a damages remedy for federal prisoners in the Prison Litigation Reform Act, where the claims involved new categories of conduct and new defendants, concerns regarding interference with prison administration, and related factors); Bulger, 62 F.4th at 140–42 (providing similar analysis on the special factors prong to claims brought by federal inmate). Accordingly, the court will not extend Bivens to the claims premised on actions taken in a supervisory capacity and delayed submission of a PREA complaint.

## CONCLUSION

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's remaining motions [D.E. 1, 2, 15] are DENIED as moot. The clerk is DIRECTED to close this case.

SO ORDERED, this 10th day of September, 2026.

Richard E. Myers II

RICHARD E. MYERS II
Chief United States District Judge